Stephen B. Niswanger Williams Anderson PLC 111 Center Street, 22nd Floor Little Rock, AR 72201
Dear Mr. Niswanger:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated act:
 Popular Name THE ARKANSAS MEDICAL MARIJUANA ACT Ballot Title AN ACT PROVIDING THAT A "QUALIFYING PATIENT" OR "MARIJUANA PROVIDER" POSSESSING A "REGISTRY IDENTIFICATION CARD" ISSUED BY THE ARKANSAS DEPARTMENT OF HEALTH (THE "DEPARTMENT") SHALL NOT BE ARRESTED, PROSECUTED, OR PENALIZED IN ANY MANNER UNDER STATE LAW FOR ENGAGING IN OR ASSISTING WITH THE" MEDICAL USE" OF MARIJUANA BY THE QUALIFYING PATIENT, PROVIDED THAT THE AMOUNT POSSESSED BY THE QUALIFYING PATIENT DOES NOT EXCEED SIX PLANTS AND ONE OUNCE OF "USABLE MARIJUANA" AND PROVIDED THAT THE AMOUNT POSSESSED BY A MARIJUANA PROVIDER DOES NOT EXCEED SIX PLANTS AND ONE OUNCE OF USABLE MARIJUANA FOR EACH QUALIFYING PATIENT TO WHOM THE PROVIDER PROVIDES MARIJUANA; A "QUALIFYING PATIENT" IS A PERSON WHO HAS RECEIVED A "WRITTEN CERTIFICATION" AND WHO POSSESSES REGISTRY IDENTIFICATION CARD; "WRITTEN CERTIFICATION" IS A STATEMENT SIGNED BY A PHYSICIAN THAT, AFTER COMPLETING A FULL ASSESSMENT IN A BONA FIDE PHYSICIAN-PATIENT RELATIONSHIP, THE QUALIFYING PATIENT HAS A "DEBILITATING MEDICAL CONDITION" AND THE POTENTIAL BENEFITS OF MEDICAL USE OF MARIJUANA LIKELY OUTWEIGH HEALTH RISKS; "DEBILITATING MEDICAL CONDITION," INCLUDES CANCER, GLAUCOMA, HIV, AIDS, A CHRONIC OR DEBILITATING DISEASE OR MEDICAL CONDITION THAT PRODUCES SEVERE PAIN OR OTHER CIRCUMSTANCES DESCRIBED IN THE ACT; "MEDICAL USE" IS THE ACQUISITION, POSSESSION, CULTIVATION, MANUFACTURE, USE, DELIVERY, "TRANSFER," OR TRANSPORTATION OF MARIJUANA OR RELATED PARAPHERNALIA TO ALLEVIATE THE SYMPTOMS OR EFFECTS OF A QUALIFYING PATIENT'S DEBILITATING MEDICAL CONDITION, WHERE "TRANSFER" IS THE TRANSFER OF MARIJUANA AND PARAPHERNALIA BETWEEN A QUALIFYING PATIENT AND MARIJUANA PROVIDER; A "REGISTRY IDENTIFICATION CARD" IS A DOCUMENT ISSUED BY THE DEPARTMENT THAT IDENTIFIES A PERSON AS A QUALIFYING PATIENT OR MARIJUANA PROVIDER; A "MARIJUANA PROVIDER" IS SOMEONE AT LEAST EIGHTEEN YEARS OLD, NEVER CONVICTED OF A FELONY DRUG OFFENSE, WHO POSSESSES A REGISTRY IDENTIFICATION CARD, AND WHO AGREES NOT TO PROVIDE MARIJUANA TO ANY PERSON OTHER THAN A QUALIFYING PATIENT IN POSSESSION OF A REGISTRY IDENTIFICATION CARD; A MARIJUANA PROVIDER MUST OBTAIN A SEPARATE REGISTRY IDENTIFICATION CARD FOR EACH QUALIFYING PATIENT TO WHOM HE PROVIDES MARIJUANA; THE NUMBER OF QUALIFYING PATIENTS TO WHOM A MARIJUANA PROVIDER MAY PROVIDE MARIJUANA IS NOT LIMITED; QUALIFYING PATIENT MAY HAVE ONLY ONE MARIJUANA PROVIDER AT ANY ONE TIME, AND THE MARIJUANA PROVIDER MAY RECEIVE REASONABLE COMPENSATION; "USABLE MARIJUANA" IS ANY MIXTURE OR PREPARATION OF DRIED LEAVES AND FLOWERS OR MARIJUANA BUT NOT SEEDS, STALKS, AND ROOTS; A PHYSICIAN SHALL NOT BE ARRESTED, PROSECUTED, OR PENALIZED IN ANY MANNER UNDER STATE LAW FOR PROVIDING WRITTEN CERTIFICATION FOR THE MEDICAL USE OF MARIJUANA; ANY PROPERTY POSSESSED, OWNED, OR USED IN CONNECTION WITH THE MEDICAL USE OF MARIJUANA, OR ACTS INCIDENTAL THERETO, SHALL NOT BE FORFEITED; A QUALIFYING PATIENT UNDER EIGHTEEN YEARS OLD MAY NOT USE MARIJUANA MEDICALLY UNLESS THE PHYSICIAN HAS EXPLAINED POTENTIAL RISKS AND BENEFITS TO THE QUALIFYING PATIENT AND PARENT, GUARDIAN, OR PERSON HAVING LEGAL CUSTODY, WHO CONSENTS IN WRITING TO THE PATIENT'S USE OF MARIJUANA, TO SERVE AS MARIJUANA PROVIDER, AND TO CONTROL ACQUISITION, DOSAGE, AND FREQUENCY OF USE OF MARIJUANA; WITHIN NINETY DAYS AFTER THE EFFECTIVE DATE OF THIS ACT, THE STATE BOARD OF HEALTH SHALL PROMULGATE REGULATIONS GOVERNING THE DEPARTMENT'S CONSIDERATION OF APPLICATIONS FOR AND RENEWALS OF REGISTRY IDENTIFICATION CARDS AND ESTABLISH FEES TO GENERATE REVENUES SUFFICIENT TO OFFSET ALL EXPENSES OF IMPLEMENTING AND ADMINISTERING THIS ACT; THE DEPARTMENT SHALL ISSUE REGISTRY IDENTIFICATION CARDS TO QUALIFYING PATIENTS AND THEIR MARIJUANA PROVIDERS WHO SUBMIT APPLICATION OR RENEWAL FEES AND OTHER INFORMATION REQUIRED BY THE ACT; THE DEPARTMENT SHALL VERIFY THE INFORMATION AND APPROVE OR DENY AN APPLICATION OR RENEWAL WITHIN THIRTY DAYS, AND MAY DENY AN APPLICATION OR RENEWAL ONLY IF THE REQUIRED INFORMATION WAS NOT PROVIDED OR IF THE INFORMATION WAS FALSIFIED; REGISTRY IDENTIFICATION CARDS SHALL EXPIRE WITHIN ONE YEAR; THE DEPARTMENT SHALL MAINTAIN A LIST OF PEOPLE ISSUED REGISTRY IDENTIFICATION CARDS THAT IS CONFIDENTIAL, EXEMPT FROM THE ARKANSAS FREEDOM OF INFORMATION ACT AND NOT SUBJECT TO DISCLOSURE, EXCEPT TO AUTHORIZED DEPARTMENT EMPLOYEES AS NECESSARY TO PERFORM OFFICIAL DUTIES, OR AUTHORIZED EMPLOYEES OF STATE OR LOCAL LAW ENFORCEMENT AGENCIES, ONLY AS NECESSARY TO VERIFY LAWFUL POSSESSION OF THE CARD; THIS ACT SHALL NOT APPLY TO PERMIT ANY PERSON TO OPERATE, NAVIGATE, OR BE IN ACTUAL PHYSICAL CONTROL OF ANY MOTOR VEHICLE, AIRCRAFT, OR MOTORBOAT WHILE UNDER THE INFLUENCE OF MARIJUANA, WHICH SHALL BE SUBJECT TO ALL APPLICABLE LAW; THIS ACT SHALL PERMIT CONSUMPTION OF MARIJUANA ONLY WITHIN PRIVATE RESIDENCES AND IN PLACES OF EMPLOYMENT, WITH THE EMPLOYER'S CONSENT AND OUTSIDE PUBLIC VIEW; NOTHING IN THIS ACT REQUIRES A GOVERNMENT MEDICAL ASSISTANCE PROGRAM OR PRIVATE HEALTH INSURER TO REIMBURSE COSTS OF THE MEDICAL USE OF MARIJUANA, OR ANY PERSON OR EMPLOYER TO ACCOMMODATE THE MEDICAL USE OF MARIJUANA; THERE SHALL EXIST A PRESUMPTION THAT A QUALIFYING PATIENT OR MARIJUANA PROVIDER IS ENGAGED IN THE MEDICAL USE OF MARIJUANA IF THE QUALIFYING PATIENT OR MARIJUANA PROVIDER POSSESSES A REGISTRY IDENTIFICATION CARD AND AN AMOUNT OF MARIJUANA NOT IN EXCESS OF THE AMOUNT PERMITTED UNDER THIS ACT, AND THIS PRESUMPTION MAY BE REBUTTED BY EVIDENCE THAT CONDUCT RELATED TO MARIJUANA WAS NOT FOR THE PURPOSE OF ALLEVIATING THE SYMPTOMS OR EFFECTS OF A QUALIFYING PATIENT'S DEBILITATING MEDICAL CONDITION; ALL ARKANSAS LAWS IN CONFLICT WITH THIS ACT ARE REPEALED; ANY INVALID PARTS OF THIS ACT ARE SEVERABLE FROM VALID PARTS. CURRENT FEDERAL LAW PROHIBITS THE MANUFACTURE AND DISTRIBUTION OF MARIJUANA.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of your measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these matters. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 • "Medical use" is defined in Section 3 (f) as "the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marijuana or paraphernalia relating to the consumption of marijuana to alleviate the symptoms or effects of a qualifying patient's debilitating medical condition." (Emphasis added). The definition is then followed by the statement that "[f]or purposes of `medical use,' the term `transfer' is limited to the transfer of marijuana and paraphernalia between a qualifying patient and a qualifying patient's marijuana provider." (Emphasis added). This limitation on the "transfer" of marijuana raises an ambiguity. Specifically, it is unclear in light of this limitation whether there is any limitation on the "delivery, . . . or transportation" of marijuana, given the fact that these terms that are also included under the "medical use" definition. It may be concluded by negative implication that there is no such limitation. I am uncertain, however, whether indeed this was the intent. Because this may be an essential fact for the voter, it must be clarified for proper disclosure in the ballot title.
 • Under Section 4 entitled "PROTECTIONS FOR THE MEDICAL USE OF MARIJUANA," a marijuana provider in possession of a registry identification card is exempted from arrest, prosecution, etc., "for assisting a qualifying patient with the medical use of marijuana provided that the marijuana provider possesses an amount of marijuana which does not exceed six marijuana plants and one ounce of marijuana for each qualifying patient. . . ." (Section 4 (c), emphasis added). This use of the term" possesses" is ambiguous in light of the definition of" medical use," set out above, which includes "acquisition, . . . cultivation, manufacture, use, delivery, transfer, or transportation. . . ." Construed on its face, the exemption from prosecution would only appear to extend to possession of the permitted amount of marijuana, leaving open the possible arrest or prosecution of a marijuana provider for other activities defined as "medical use," e.g., delivery or transportation. I am unable to resolve this ambiguity in the language.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons there for, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh